JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1674 AG (MLGx) | Date | October 9, 2012 |
|---|---|---|---|
| Title | SABRINA HUANG v. TRUNG LAM | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

On July 5, 2012, Plaintiff Sabrina Huang ("Plaintiff") filed an unlawful detainer action against Defendant Trung Lam ("Defendant") in Orange County Superior Court. Defendant filed a Notice of Removal in pro se on August 30, 2012 in Case Number CV 12-1426-AG. In a September 12, 2012 Order, this Court remanded the case because it states a simple state cause of action for unlawful detainer and there was no basis for federal jurisdiction. *See* 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts.").

Then, on October 1, 2012, Defendant filed a second Notice of Removal for the same unlawful detainer case. The October 1, 2012 Notice of Removal appears to be an exact copy of the August 30, 2012 Notice of Removal, apart from the date, case number, and signature of Defendant. The Court finds that Defendant's second Notice of Removal also fails to establish that federal jurisdiction exists over this case for the same reasons that the first Notice of Removal failed to establish federal jurisdiction.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1674 AG (MLGx) | Date | October 9, 2012 |
|---|---|---|---|
| Title | SABRINA HUANG v. TRUNG LAM | | |

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*.

In the Court's September 12, 2012 Order remanding the CV 12-1426-AG case, the Court cautioned Defendant not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal by a pro se defendant was "frivolous and unwarranted" and warning "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11"). The Court will consider monetary sanctions under Federal Rule of Civil Procedure 11 if Defendant files another unwarranted Notice of Removal or other frivolous papers related to Defendant's state unlawful detainer case.

In sum, Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

Initials of Preparer       lmb